IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHELE L. GRANDSTAFF, Individually and as Administrator of the ESTATE OF DANIEL J. WALSH, Deceased, and WINONA K. (WALSH) MCGRAW, an individual,<br><br> Plaintiffs,<br><br>vs.<br><br>HINER EQUIPMENT, L.L.C., a/k/a HINER TRANSPORT, L.L.C., a/k/a HINER TRANSPORT, INC., a/k/a HINER LOGISTICS, L.L.C., a Corporation; THE TRAILER SOURCE, INC., a Corporation; HERBERT A. TERRELL, an individual,; HOWE FREIGHTWAYS, INC., a Corporation; ESTATE OF JAMES F. LANGHOLF, by and through its Duly-Appointed Administrator JULIE K. LANGHOLF; TRAVELERS HOME AND MARINE INSURANCE COMPANY, a Corporation; and STATE FARM INSURANCE COMPANIES a/k/a STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br> Defendants. | **No. 4:13-cv-00390 – JEG**<br><br>**O R D E R** |
| RICK INMAN and DIANA PICKEN,<br><br> Plaintiffs,<br><br>vs.<br><br>HOWE FREIGHTWAYS, INC., Individually and through the acts or omissions of its Agent and/or Employee, JAMES LANGHOLF, deceased; JULIE K. LANGHOLF, as Independent Administrator of the Estate of JAMES LANGHOLF, Deceased, Individually and as an Agent and/or Employee of HOWE FREIGHTWAYS, INC.; HINER EQUIPMENT, LLC, Individually and through the acts or omissions of its Agent and/or Employee, HERBERT TERRELL, Deceased; HINER TRANSORT, LLC a/k/a HINER TRANSPORT, INC., Individually, and through the acts or omissions of its Agent and/or Employee, HERBERT TERRELL, Deceased; HINER LOGISTICS, LLC, Individually, | |

| | |
|---|---|
| and through the acts or omissions of its Agent and/or Employee, HERBERT TERRELL, Deceased; and THE TRAILER SOURCE, INC., Individually, and through the acts or omissions of its Agent and/or Employee, HERBERT TERRELL, Deceased,<br><br>    Defendants. | |
| HOWE FREIGHTWAYS, INC. and JAMES LANGHOLF, Deceased, by and through JULIE LANGHOLF, as Independent Administrator of the ESTATE OF JAMES LANGHOLF,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>HANIFEN COMPANY, INC.,<br><br>    Third-Party Defendant. | |

This matter comes before the Court on Motions to Dismiss for Lack of Personal Jurisdiction by Defendant The Trailer Source, Inc.[1] (Trailer Source). Plaintiffs Michele L. Grandstaff, Winona K. (Walsh) McGraw, Rick Inman, and Diana Picken (collectively, Plaintiffs) resist. A hearing on the Motions was not requested, and the Court does not find a hearing is necessary for the resolution of this matter. The Motions are fully submitted and ready for disposition.

## I.    FACTUAL BACKGROUND

This case arises out of a fatal semi-truck crash on Interstate 80 that claimed the lives of Daniel Walsh (Walsh) and Jesse Inman (Inman). Walsh and Inman were employed as heavy-duty truckers by Hanifen Towing, Inc. On September 13, 2011, Walsh and Inman, while in the course of their employment, responded to a request for roadside assistance by James Langholf (Langholf), an employee of Howe Freightways, Inc. Langholf's tractor-trailer had broken down

---

[1] Plaintiffs brought suit against Trailer Source Leasing, Inc. and Trailer Source Leasing, LLC. However, Trailer Source maintains that its proper name is The Trailer Source, Inc.

2

on Interstate 80 in Poweshiek County, Iowa, and was parked on the right shoulder of the westbound lanes. Inman arrived to assist Langholf and parked his vehicle on the right shoulder of the interstate in front of Langholf's tractor-trailer. Walsh arrived and parked his vehicle behind Langholf's tractor-trailer and enabled the vehicle's emergency lights. Meanwhile, Herbert Terrell (Terrell), an employee of Hiner Equipment, LLC (Hiner Equipment), was traveling westbound on Interstate 80. As Terrell approached the location where Inman and Walsh were assisting Langholf, Terrell's tractor-trailer sideswiped Walsh's vehicle and fatally struck and killed Walsh. Terrell's tractor-trailer then jack-knifed and struck Langholf's tractor-trailer, which collided with Inman's vehicle. The collision pressed Inman between Langholf's truck and Inman's vehicle, killing Inman.

Trailer Source is a North Carolina corporation and has its principal place of business in Winston-Salem, North Carolina. Trailer Source is in the business of distributing and leasing trailers and primarily serves customers located in the Southeast United States. Trailer Source is not authorized by the Iowa Secretary of State to do business in Iowa, does not have a registered agent in Iowa, does not own or maintain any property in Iowa, and its sales representatives do not travel to Iowa.

Trailer Source owned the trailer that was attached to Terrell's semi-truck (the Trailer) that was involved in the accident that claimed the lives of Walsh and Inman. In May 2011, Trailer Source entered into an Equipment Rental Agreement (the Lease Agreement) with Hiner Equipment, an Indiana company, in which Trailer Source leased 70 trailers to Hiner Equipment for a term of three years. The Lease Agreement was negotiated on behalf of Trailer Source by Brian Kennedy, a resident of North Carolina, and Hiner Equipment was represented by Paul James, a resident of Indiana. The Lease Agreement was entered into in North Carolina and is governed by North Carolina law. The Lease Agreement provides that Trailer Source retains ownership of

the trailer throughout the term of the lease. The Trailer was originally titled in the State of Indiana and was later registered in the State of Maine and carried Maine license plates at the time of the accident.

Although Trailer Source primarily serves customers located in the Southeast, Trailer Source has leased and sold trailers to individuals and companies located in Iowa. On February 8, 2008, Trailer Source purchased 17 trailers from an Iowa company for $175,000. On June 23, 2008, Trailer Source purchased five trailers from an Iowa corporation for a cost of $22,500. Trailer Source purchased 13 more trailers on July 9, 2009, from the same Iowa corporation involved in the June 23 purchase. On January 7, 2010, Trailer Source sold a trailer to an Iowa business. On September 16, 2010, Trailer Source sold six trailers to an Iowa corporation for a price of $100,500. On June 15, 2011, Trailer Source sold five trailers to an Iowa company for $21,250. On September 14, 2012, Trailer Source sold 10 trailers to an Iowa business for $120,000. On June 14, 2013, Trailer Source sold a trailer to an individual located in Iowa.

Trailer Source maintains a website at http://www.trailersource.us. The website is hosted by Sandhills Publishing Company, which is located in Lincoln, Nebraska. The website primarily provides users with general information regarding the company. In addition, the website includes a link titled "Inventory," which directs customers to a list of Trailer Source's inventory on an independent website, http://www.truckpaper.com. The inventory website provides customers with descriptions, prices, and pictures of Trailer Source's inventory. The website also contains a link providing customers a credit application form; however, the credit application form cannot be completed or submitted through the website.

Trailer Source advertises its products online through TruckerToTrucker.com and TruckPaper.com, which are both accessible nationwide. Trailer Source also advertises in print

media through the publications Carolina-Virginia Truck Trader and Truck Paper South-Eastern Edition – both of which only distribute materials to states located in the Southeast.

Plaintiffs Michele Grandstaff and Winona (Walsh) McGraw, respectfully daughter and spouse of Walsh, filed suit in this Court on September 12, 2013, alleging claims against Defendants for negligent wrongful death. Plaintiffs Rick Inman and Diana Picken, parents of Inman, filed a similar action in the Iowa District Court for Poweshiek County on September 12, 2013, which was removed to this Court pursuant to diversity jurisdiction on October 8, 2013. Upon agreement by the parties, the two actions were consolidated on January 22, 2014, by Magistrate Judge Ross A. Walters. The Court has subject-matter jurisdiction over this matter pursuant to diversity jurisdiction, 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367.

## II. DISCUSSION

Trailer Source seeks to dismiss the claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotations and citation omitted). The evidentiary showing is minimal and can be shown not only from the pleadings, but also from affidavits and exhibits filed in support or opposition of the motion. Id. at 592. The Court "must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." Fastpath, Inc. v. Arbela Techs. Corp., No. 13-2585, 2014 WL 3685908, at *2 (8th Cir. July 25, 2014).

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991)). "Because Iowa's long-arm statute 'expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution,' our inquiry is limited to whether the exercise of personal jurisdiction comports with due process." Wells Dairy, Inc. v. Food Movers Int'l., Inc., 607 F.3d 515, 518 (8th Cir. 2010) (quoting Hammond v. Fla. Asset Fin. Corp., 695 N.W.2d 1, 5 (Iowa 2005)).

Due process requires the non-resident defendant to have sufficient "minimum contacts" with the forum state such that "maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Personal jurisdiction requires "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "If a court determines that a defendant has minimum contacts with the forum state, it may then consider 'whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'" Dever, 380 F.3d at 1073 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

The Eighth Circuit has established five factors for courts to consider in determining the sufficiency of a non-resident defendant's contacts with the forum state: (1) the nature and quality of contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. Dever, 380 F.3d at 1073-74. Factors one through three are primary, while factors four and five are secondary. Id. at 1074. With respect to factor three, there are two theories of evaluating the relation of the action to the defendant's contacts:

general jurisdiction and specific jurisdiction. Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (quotations and citation omitted).

Trailer Source contends it lacks sufficient contacts with Iowa to justify the exercise of either specific or general personal jurisdiction. Trailer Source asserts general jurisdiction is lacking because it has not maintained sufficient systematic and continuous contacts with Iowa and Trailer Source's transactions with Iowa customers were isolated and insubstantial. As for specific jurisdiction, Trailer Source maintains that it cannot be subject to jurisdiction in Iowa because the subject of the accident did not arise out of any purposeful contact by Trailer Source that was directed at Iowa.

Plaintiffs argue Trailer Source has sufficient minimum contacts with Iowa to subject it to personal jurisdiction in this forum through both general jurisdiction and specific jurisdiction. Plaintiffs assert the nature and quality of Trailer Source's contacts with Iowa subjects Trailer Source to jurisdiction in this forum because given the nature of its products, it was foreseeable to Trailer Source that one of its trailers would travel through Iowa, Trailer Source's sales and purchases were directed to Iowa, and Trailer Source advertised nationwide and maintained a semi-interactive website that was available to Iowa consumers. In regard to the quantity of contacts with Iowa, Plaintiffs cite 62 transactions between Trailer Source and Iowa customers from 2008 through 2013, in which Trailer Source sold, leased, purchased, or traded trailers with businesses or individuals located in Iowa. Plaintiffs argue specific jurisdiction extends to Trailer Source because it was the owner of the trailer involved in the accident and is therefore statutorily subjected to jurisdiction in Iowa under Iowa Code § 321.498. They further assert that by selling and

leasing commercial trailers, Trailer Source is subject to specific jurisdiction in Iowa under the "stream of commerce" theory. Plaintiffs further indicate that Iowa has a strong interest in adjudicating this matter, and Iowa is the most convenient forum to litigate this dispute.

Because Plaintiffs contend Trailer Source is subject to personal jurisdiction under both the general jurisdiction and specific jurisdiction theories of personal jurisdiction, the Court will address both theories separately, beginning with general jurisdiction.

### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). General jurisdiction does not exist if the defendant's contacts with the forum state were "random," "fortuitous," or "attenuated." Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Daimler AG, 134 S. Ct. at 760 (quoting Lea Brilmayer et al., A General Look at General Jurisdiction, 66 Tex. L. Rev. 721, 728 (1988)).

Trailer Source is not incorporated in Iowa, does not maintain its principal place of business in Iowa, has no registered agents in Iowa, is not authorized to conduct business in Iowa, does not maintain any offices in Iowa, does not own any property or inventory in Iowa, and does not send sales representatives or employees to Iowa. Trailer Source's only contacts with Iowa from 2008 through 2013[2] consist of eight total transactions with Iowa customers whereby Trailer Source

---

[2] Plaintiffs calculate the relevant time frame for assessing Trailer Source's contacts with Iowa is from 2008 through 2013 – three years prior to the time the cause of action arose until Plaintiffs filed the cause of action. The Eighth Circuit has instructed that "[m]inimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable time immediately prior to the filing of the lawsuit." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003). Plaintiffs assert that in order to determine whether

8

sold, leased, purchased, or traded 62 trailers.[3] All of the transactions involved different customers, with the exception of one customer who transacted business with Trailer Source on two separate occasions. Trailer Source advertises in two print media sources; however, both sources primarily target consumers in the Southeast and are not intentionally distributed in Iowa.

The Court finds these contacts alone are not sufficient to rise to the level of systematic and continuous contacts to hold Trailer Source amenable to general jurisdiction in Iowa. Trailer Source was not "at home" in Iowa, and its transactions with Iowa were too attenuated to be considered systematic and continuous. See Goodyear, 131 S. Ct. at 2856 (holding a foreign corporation's sporadic sales to the forum state were insufficient to subject it to general jurisdiction); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984) ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). Furthermore, "[a]lthough the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' . . . such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a

---

minimum contacts existed at the time the accident occurred, Trailer Source's contacts with Iowa should be analyzed three years prior the time of the incident. Although Trailer Source disputes this assertion, arguing the time period should only include the calendar year in which the accident occurred, they contend that Plaintiffs have failed to establish jurisdiction even under Plaintiffs' stated time period. The Eighth Circuit has not clearly defined the precise period prior to the time the action arose that a court should consider in determining minimum contacts; therefore, the Court will accept Plaintiffs' stated time frame for purposes of its analysis.

[3] From the time of the incident until the suit was initiated, Trailer Source's total revenue from the transactions in Iowa constituted 0.74 percent of Trailer Source's total revenue for the same time period. Generally, the "relevant inquiry is not whether the percentage of a company's contacts is substantial for that company; rather, [the] inquiry focuses on whether the company's contacts are substantial for the forum." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 709 (2003). However, the Court finds notable that not only are eight transactions involving 62 trailers a nominal amount of sales to the state of Iowa, but it is also a small percentage of Trailer Source's total sales, indicating Trailer Source did not primarily target Iowa.

defendant.'" Daimler AG, 134 S. Ct. at 757 (quoting Goodyear, 131 S. Ct. at 2857); see Viasystems, Inc. v. EMB-Papst St. Georgen GMBH & Co., 646 F.3d 589, 597 (8th Cir. 2011) (holding stream of commerce theory could only be invoked in finding specific jurisdiction).

Additionally, the Court finds Trailer Source's website does not subject it to all-purpose jurisdiction in Iowa. When presented with a case of general jurisdiction, the Eighth Circuit first applies the sliding-scale analysis developed in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), to determine the sufficiency of the website's contacts with forum residents, and then looks to the quantity of those contacts with the residents of the forum state. Lakin v. Prudential Sec., Inc., 348 F.3d 704, 712 (8th Cir. 2003). The Zippo test analyzes the nature and quality of a website by determining whether a website is "interactive," "does business," or is merely "passive." Id. at 710-11. Although http://www.trailersource.us is available nationwide, the Court finds it falls on the passive end of the spectrum. The website primarily supplies users with general information about Trailer Source's business and does not permit customers to have direct contact with Trailer Source or to purchase products directly from the website. The "Inventory" link does not make the website interactive as it merely directs customers to a separate website that contains further information pertaining to Trailer Source's current inventory. The link directing customers to a credit card application simply provides prospective customers with a printable form, which cannot be filled out or submitted to Trailer Source through the website. In addition, the credit application form has never been used by any of Trailer Source's customers. Furthermore, the record is devoid of any indication of the number of times the website was accessed and utilized by Iowa customers. See id. at 712-13 (noting that even if a court finds the website is "interactive" or "does business," there must also be sufficient quantity of contacts with residents of the forum state for general jurisdiction).

Accordingly, the Court finds Trailer Source is not subject to general personal jurisdiction in Iowa. The Court will now consider whether Trailer Source is amenable to specific personal jurisdiction in this forum.

**B. Specific Jurisdiction**

"Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." Fastpath, 2014 WL 3685908, at * 2 (citations omitted). "Specific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum state, the cause of action, and the defendant." Myers v. Casino Queen, Inc., 689 F.3d 904, 912 (8th Cir. 2012) (citing Helicopteros, 466 U.S. at 414).

Specific jurisdiction is proper only "where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." Fastpath, 2014 WL 3685908, at * 3 (quoting Stanton v. St. Jude Med., Inc., 340 F.3d 690, 694 (8th Cir. 2003). "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros, 466 U.S. at 417. The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014).

The cause of action does not directly arise from or relate to Trailer Source's purposeful contacts with Iowa but rather the contacts of a third party. Trailer Source's contacts with Iowa consist of the sale, lease, or purchase of 62 trailers from 2008 through 2013, none of which were involved in the cause of action. Trailer Source's only connection to the cause of action is that it owned title to the Trailer driven by Terrell that was involved in the incident. However, prior to the accident, Trailer Source leased the Trailer to Hiner Equipment. The Lease Agreement between Trailer Source and Hiner Equipment was executed in North Carolina and negotiated by

11

a North Carolina resident and an Indiana resident. Hiner Equipment, which is located in Indiana, then unilaterally sent the Trailer on route across Iowa where it was involved in the cause of action.

Plaintiffs contend Trailer Source's placement of trailers into the "stream of commerce" subjects Trailer Source to specific personal jurisdiction in Iowa. In World-Wide Volkswagen Corp. v. Woodson, the Supreme Court held personal jurisdiction may be exercised "over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum States." 444 U.S. at 297-98. Trailer Source injected its products into Indiana through the Lease Agreement; however, there is no indication that it did so with the expectation that its products would penetrate the Iowa market. Although it may be foreseeable that trailers sold in Indiana could potentially travel interstate to Iowa or any other jurisdiction, there was no purposeful activity by Trailer Source directed at Iowa sufficient to justify personal jurisdiction under the stream of commerce theory. See Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480 U.S. 102, 105 (1987) ("mere awareness . . . that the components [the defendant] manufactured, sold, and delivered outside the United States would reach the forum State in the stream of commerce" was insufficient to confer specific jurisdiction over the defendant); see also Stanton, 340 F.3d at 694 (holding the defendant was not subject to personal jurisdiction in Nebraska under the stream of commerce theory when the defendant manufactured a product in Massachusetts and Illinois and provided it to a third party in Minnesota who used the defendant's product in a mechanical heart valve that was eventually distributed to Nebraska).

The Lease Agreement between Trailer Source and Hiner Equipment provides that Trailer Source retains ownership of the Trailer throughout the term of the lease. Plaintiffs assert that because Trailer Source was the owner of the Trailer at the time the cause of action arose, it is subject to jurisdiction in Iowa under Iowa Code § 321.498, which provides as follows:

"The acceptance by any nonresident of this state of the privileges extended by the laws of this state to nonresident operators or owners of operating a motor vehicle, or having the same operated, within this state shall be deemed to be . . . subject to the jurisdiction of the district court of this state over all civil actions and proceedings against the nonresident for damages to person or property growing or arising out of such use and operation."

Regardless of whether a trailer is considered a "motor vehicle" under Iowa Code § 321.498,[4] which the Court does not herein resolve, Plaintiffs' argument is collateral to the consideration whether the exercise of personal jurisdiction comports with the constitutional concept of due process. Merely retaining title to a trailer that was drawn through Iowa solely at the direction of a third party, without more, is insufficient to establish personal jurisdiction under notions of fair play and substantial justice. See Peterson v. U-Haul Co., 409 F.2d 1174 (8th Cir. 1969) (holding a North Carolina lessor of a trailer was not subject to personal jurisdiction in Nebraska under the state's non-resident motor vehicle statute). Because the Court finds Trailer Source has not had sufficient minimum contacts with the state of Iowa to comport with due process, the Court further finds Trailer Source is not subject to specific jurisdiction in Iowa simply by operation of the statute.

### III. CONCLUSION

For the reasons stated, Trailer Source's Motions to Dismiss for Lack of Jurisdiction, ECF Nos. 30 and 33, must be **granted**. The action against Trailer Source is **dismissed**.

**IT IS SO ORDERED.**

Dated this 16th day of September 16, 2014.

JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT

---

[4] Iowa Code § 321.1(42)(a) defines a "motor vehicle" as "a vehicle which is self-propelled," whereas § 321.1(85) defines a "trailer" as a "vehicle without motive power . . . being drawn by a motor vehicle. . . ."

13